**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2490

OLUFUNSHO AYOADE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A72-726-177)

Submitted: May 23, 2005          Decided: June 28, 2005

Before LUTTIG, NIEMEYER, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Lloyd F. Ukwu, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Michelle Gorden, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C.; Brian Galle, DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Olufunsho Ayoade, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' (Board) order denying her motion to reopen and remand her removal proceedings. We deny her petition.

We note it is undisputed that Ayoade's motion to reopen was untimely by over five years. See 8 C.F.R. § 1003.2(c)(2) (2004) (requiring a motion to reopen to be filed within ninety days of the final administrative decision). In 1993, she filed a notice of appeal of the immigration judge's decision,[*] but neither she nor her former attorney filed any further documents relating to her appeal. In 1998, after giving Ayoade the opportunity to file new briefs in light of amendments to the immigration statutes, the Board dismissed her appeal as "moot" and "abandoned." She did not file her motion to reopen until 2004, over five years after her appeal was dismissed.

However, the time period for filing a motion to reopen may be subject to equitable tolling. See Socop-Gonzalez v. INS, 272 F.3d 1176, 1190-93 (9th Cir. 2001). Ayoade argues that her motion is subject to equitable tolling because she received ineffective assistance of counsel during the appeal of the immigration judge's

---

[*]The record reflects Ayoade filed her notice of appeal pro se and by hand, and the attorney representing her before the immigration judge never filed a notice of appearance with the Board.

- 2 -

decision to the Board.  She argues her counsel misled her into believing he was representing her in the appeal and never informed her that the appeal was dismissed.  We note that over ten years passed between the filing of her notice of appeal and the time at which Ayoade indicates she first became aware that her appeal had been dismissed.  We find that equitable tolling is not warranted in these circumstances.  For this reason, we decline to find the Board abused its discretion in dismissing her motion to reopen as untimely.

Accordingly, we deny Ayoade's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED